**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**AQUAYLA STOKES**                                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 1:23CV122--RP**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**                                                                **DEFENDANT**

## OPINION AND JUDGMENT

Aquayla Stokes seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable

decision of the Commissioner of Social Security regarding an application for a period of disability,

disability insurance benefits and supplemental security income.   The parties have consented to entry

of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §

636(c), with any appeal to the Court of Appeals for the Fifth Circuit.   The undersigned held a

hearing on August 14, 2024.   Having considered the record, the administrative transcript, the briefs

of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the

Commissioner's decision is not supported by substantial evidence and should be reversed.   The

Plaintiff's application for benefits is granted and this matter is remanded for a determination of

benefits.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove the impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if she proves that the impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to

scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom*

*v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may

not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it

finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held

that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v.*

*Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the

Commissioner to decide, and if there is substantial evidence to support the decision, it must be

affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th

Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence

that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th

Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## <u>Commissioner's Decision</u>

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the following severe impairments: migraine headaches, obesity, and carpal tunnel syndrome. At step three, he found that the plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to:

> lift/carry fifty pounds occasionally or twenty-five pounds frequently, stand/walk six hours in an eight-hour day, and sit six hours in an eight-hour workday. She could not climb ladders or scaffolds but could occasionally climb ramps or stairs. She could frequently stoop, kneel, and crouch and occasionally crawl. She could frequently finger, handle, and reach. She could not work around heights. She could occasionally drive and occasionally work around moving machinery.

At step four, the ALJ found that the plaintiff does not have past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of usher, ticket taker and office helper. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues primarily that the ALJ failed to properly consider the functional limitations associated with the plaintiff's headaches. Specifically, the plaintiff argues that the ALJ improperly rejected the opinion of the plaintiff's treating nurse practitioner regarding the plaintiff's likely time off task and absenteeism resulting from her migraine headaches, and that the ALJ's omission of any such limitations from the RFC is unsupported by substantial evidence. The court agrees on both points.

4

The plaintiff's treating nurse practitioner Manda Griffin opined, among other things, that as a result of her migraine headaches the plaintiff would, while at work, be off task 25% or more of the time and would be absent from work more than four days per month. The ALJ gave this opinion little weight because at the plaintiff's mental consultative examination, during which the plaintiff reported having a headache, the plaintiff remained alert and attentive. However, this instance of remaining alert and attentive during a headache -- the type which the medical records and administrative hearing testimony clearly distinguish from the incapacitating migraines the plaintiff experiences -- does not constitute substantial evidence supporting the rejection of the NP's opinion in the face of the abundant treatment notes documenting the severity, duration, and frequency of the plaintiff's migraines.

Although under the regulatory framework for considering opinion evidence for applications filed before March 27, 2017, NP Griffin is not an "acceptable medical source," the ALJ must nonetheless consider her opinion using the same factors for considering the opinions of acceptable medical sources. 20 C.F.R. § 404.1527(f)(1). "Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." SSR 06-03P (S.S.A.), 2006 WL 2329939, at *3 (2006).

The treatment relationship is a factor to be considered, and NP Griffin's opinion is the only opinion from a medical source who has a treatment relationship with the plaintiff. Supportability is another factor, which places an emphasis on relevant medical evidence presented to support an opinion, "particularly medical signs and laboratory findings." 20 C.F.R.

5

§ 404.1527(c)(3). Because migraines are particularly unsusceptible to diagnostic or laboratory testing, when an ALJ considers the severity of a claimant's migraines, "there are medical signs which should be viewed as 'objective evidence.'" *Wiltz v. Barnhart,* 484 F.Supp.2d 524, 532 (W.D. La. 2006) (finding ALJ's insistence upon "objective medical evidence" of claimant's migraines was error) (citing *Ortega v. Chater,* 933 F.Supp. 1071, 1075 (S.D. Fla. 1996)). Such medical signs include:

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines – including outpatient and emergency treatment – and whether the claimant's symptoms are consistent with those of migraine headaches.
>
> *Wiltz,* 484 F.Supp.2d at 533.

In support of her opinion, NP Griffin identifies a number of these medical signs as being associated with the plaintiff's migraines, and *all* of these medical signs are well documented in the plaintiff's treatment notes, which documentation reflects the consistency of NP Griffin's opinion with the record as a whole. The ALJ's rejection of NP Griffin's opinion is unsupported by substantial evidence, as is the ALJ's omission from the RFC of any limitations involving time off task or absenteeism.

The plaintiff also makes several arguments to which the Commissioner fails altogether to respond. For instance, the plaintiff argus that the ALJ committed error at step three of the sequential evaluation process when he found that the plaintiff's migraines do not medically equal Listing 11.02 for epilepsy. Specifically, the plaintiff argues that the ALJ violated SSR 19-4P by relying on the lack of documentation of dyscognitive seizures in making his finding, whereas SSR 19-4P does not require documentation of actual dyscognitive seizures in order for a

6

migraine disorder to medically equal the listing for epilepsy. The Commissioner offers no argument on this issue in her response brief.

The plaintiff also argues that the ALJ improperly considered the medical opinions in the record, resulting in an RFC that is unsupported by substantial evidence. Specifically, the plaintiff argues that the ALJ failed to properly explain the weight he gave to the opinions of state agency physician Louis Saddler and consultative examining physician Mitchell Massey, both of whom opined that the plaintiff has greater reaching limitations with the right upper extremity than that assessed by the ALJ. Again, the Commissioner's brief offers no argument in opposition. The plaintiff also argues that the ALJ improperly considered the opinion of consultative examining psychologist Morris Alexander, who opined the plaintiff may have difficulty tolerating the stressors involved in performing routine repetitive tasks. The Commissioner's brief is silent on this argument as well.

The plaintiff's arguments to which the Commissioner has failed to respond are not off-hand, passing remarks made in the context of broader arguments; rather, they are the subjects of entire sections of the plaintiff's brief under bold-faced headings. Nor are the plaintiff's arguments facially devoid of merit and easily disposed of without the benefit of adversarial critique. The court finds that by failing to brief these issues, the Commissioner has waived any arguments thereon. *See Magee v. Life Ins. Co. of North America,* 261 F.Supp.2d 738, 748 n.10 (S.D. Tex. 2003) (stating "failure to brief an argument in the district court waives that argument in that court").

Having determined that the Commissioner's decision should be reversed, the court must determine whether to remand this case for yet further administrative review or to grant benefits. In making this determination, the court looks to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129.

The plaintiff filed her application for benefits over nine years ago. This case has been appealed to Federal Court three times and remanded back twice already. The record is complete. An award of benefits at this stage would avoid further undue delay in the determination of the plaintiff's application and would further the interests of justice and equity. The court finds that an award of benefits is appropriate and that this case should be remanded for the sole purpose of determining the amount of benefits to be awarded.

For these reasons and those announced on the record at the conclusion of oral argument, the Commissioner's decision is <u>reversed</u>, an award of benefits is granted, and this case is remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Social Security Act.

**SO ORDERED**, this the 14th day of August, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE